In the Matter of Raymond F. FAIRCHILD, Respondent.

No. 49S00–1504–DI–226.

Supreme Court of Indiana.

Aug. 12, 2016.

Published Order Approving Statement of Circumstances and Conditional Agreement for Discipline

LORETTA H. RUSH, Chief Justice.

Pursuant to Indiana Admission and Discipline Rule 23(11), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline as summarized below.

**Stipulated Facts:** Respondent was hired by Client to pursue a medical malpractice action. Respondent filed a proposed complaint with the Indiana Department of Insurance and a medical review panel ("MRP") was formed. Respondent did not timely file a written submission with the MRP and thereafter did not respond to inquiries from the MRP's chairperson. Opposing counsel eventually filed a motion to dismiss for failure to prosecute, and the trial court scheduled a hearing on the motion. Respondent did not inform Client of the motion to dismiss or the scheduled hearing. For several months around the same time, Client made numerous attempts to contact Respondent regarding the status of her case, but Respondent would not timely take her calls or respond to her inquiries. Following the hearing, the trial court dismissed Client's proposed complaint with prejudice. About

two months later, Client learned of the dismissal through another attorney. Client filed a motion for relief from judgment, which was denied. Client then sued Respondent for malpractice. The suit eventually was settled and paid out by Respondent's malpractice carrier.

In aggravation, the parties cite Respondent's prior disciplinary history, his similar acts of neglect in other cases handled contemporaneously with Client's case, and his substantial experience in the practice of law. In mitigation, the parties cite Respondent's cooperation with the Commission and his acceptance of responsibility.

*Violations:* The parties agree that Respondent violated these Indiana Professional Conduct Rules prohibiting the following misconduct:

1.3: Failure to act with reasonable diligence and promptness.

1.4(a)(3): Failure to keep a client reasonably informed about the status of a matter.

1.4(a)(4): Failure to comply promptly with a client's reasonable requests for information.

**Discipline:** The parties propose the appropriate discipline is a suspension of 180 days without automatic reinstatement. The Court, having considered the submissions of the parties, now approves the agreed discipline.

For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law in this state for a period of not less than 180 days, without automatic reinstatement, beginning September 1, 2016.** Respondent shall not undertake any new legal matters between service of this order and the effective date of the suspension, and Respondent shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26). At the conclusion of the minimum period of suspension, Respondent may petition this Court for reinstatement to the practice of law in this state, provided Respondent pays the costs of this proceeding, fulfills the duties of a suspended attorney, and satisfies the requirements for reinstatement of Admission and Discipline Rule 23(4) and (18). Reinstatement is discretionary and requires clear and convincing evidence of the attorney's remorse, rehabilitation, and fitness to practice law. *See* Admis. Disc. R. 23(4)(b).

The costs of this proceeding are assessed against Respondent. With the acceptance of this agreement, the hearing officer appointed in this case is discharged.

All Justices concur.